UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE SLOAN,

          Petitioner,

v.

STATE OF WASHINGTON,

          Respondent.

CASE NO. 2:23-cv-00124-RAJ-JRC

ORDER FOR SERVICE AND ANSWER, § 2254 PETITION

    This is a federal habeas action filed under 28 U.S.C. § 2254.  Petitioner is currently incarcerated at the King County Jail. **The Court, having reviewed petitioner's federal habeas petition, hereby finds that petitioner may not have yet exhausted his state court remedies as required for a § 2254 petition, and the time for exhausting his state court remedies may not have yet lapsed. Therefore, the Court directs service of the petition and directs respondent to respond only to the question of whether petitioner has exhausted his state court remedies.  As such,** the Court **ORDERS** as follows:

(1) Petitioner names State of Washington as respondent. Dkt. 13. The proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). The official having custody of petitioner where he is currently confined – King County Jail – is King County Sheriff Patti Cole-Tindall. Accordingly, the Clerk is directed to substitute Sheriff Patti Cole-Tindall as the respondent in this action. If any party believes that Sheriff Cole-Tindall is not the proper respondent, the party shall file a motion to substitute the correct respondent.

(2) The Clerk shall arrange for service by certified mail upon respondent and upon the Attorney General of the State of Washington and the King County Prosecuting Attorney's Office copies of the petition, all documents in support thereof, and this Order. The Clerk shall also direct a copy of this Order and the Court's *pro se* instruction sheet to petitioner.

**(3) Within *twenty-one (21) days* after such service, respondent is directed to file a response to the petition that addresses only if petitioner has exhausted his state court remedies with respect to the grounds for relief set forth in the petition. At a later date, the Court will direct respondent to file and serve an answer in accordance with Rule 5 of the Rules Governing Section 2254 Cases in United States District Courts if the Court deems it appropriate.**

(4) The directed response will be treated in accordance with LCR 7. Accordingly, on the face of the answer, respondent(s) shall note it for consideration on the fourth Friday after filing. Petitioner may file and serve a response not later than the Monday immediately preceding the Friday designated for consideration of the matter, and respondent(s) may file and serve a reply not later than the Friday designated for consideration of the matter.

(5)     Filing by Parties, Generally

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. All filings must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.

(6)     Motions

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration on the Court's motion calendar.

(7)     Direct Communications with District Judge or Magistrate Judge

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

Dated this 30th day of March, 2023.

J. Richard Creatura
United States Magistrate Judge