UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE SLOAN,

               Petitioner,

    v.

DEAN MASON,

               Respondent.

CASE NO. 2:23-cv-00124-RAJ-GJL

REPORT AND RECOMMENDATION

Noting Date: July 28, 2023

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Petitioner George Sloan initiated this federal action on January 24, 2023, with the filing of a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. 1, 13. The Court concludes Petitioner failed to properly exhaust his state court remedies as to the grounds raised in the Petition. Therefore, the Court recommends the Petition be dismissed without prejudice and a certificate of appealability not be issued.

///

///

///

REPORT AND RECOMMENDATION - 1

I.  **BACKGROUND**

    A.    <u>State Court Proceedings</u>

On March 7, 2023, after a jury trial in King County Superior Court, Petitioner was convicted of two counts of assault in the first degree and one count of unlawful possession of a firearm in the first degree.[1] *See* Dkt. 29-1, Ex. 1. Petitioner was sentenced on May 11, 2023, to 333 months of total confinement on the assault convictions, to be served concurrently with a 57-month term of confinement for the firearms conviction. *Id*. at 6. He was also sentenced to community custody for two terms of 36 months on the assault convictions. *Id*. at 7.

Prior to the May 11, 2023 sentencing, Petitioner filed a personal restraint petition ("PRP") in the Court of Appeals of the State of Washington ("state court of appeals"), raising three grounds for relief relating to his conviction: (1) a claim of denial of Petitioner's right to a speedy trial, (2) a constitutional violation relating to failure to present a defense, and (3) a claim relating to prosecutorial misconduct during closing argument. Dkt. 30-1. Further, on the day of his May 11, 2023 sentencing, Petitioner filed a Notice of Appeal in the state court of appeals, but has not yet filed a brief raising any grounds for relief. *See* Dkt. 27; Dkt. 29-1, Exs. 2, 3; *see also* Dkt. 23. Therefore, the state court of appeals has not yet ruled on his appeal. Dkt. 27 at 3.

    B.    <u>Federal Petition</u>

On January 24, 2023, Petitioner filed this federal habeas Petition. Dkt. 1, 13. In the Petition, Petitioner claims his convictions and sentence in the relevant state court proceedings occurred on January 18, 2023. *See* Dkt. 13 at 1. He raises three grounds for relief related to those criminal proceedings: (1) a claim of judicial misconduct relating to a request for trial

---

[1] Despite asserting that his judgment and sentence in state court occurred on January 18, 2023, it now appears Petitioner initiated this matter while he was a pretrial detainee in King County Jail, and thus had not yet been convicted. *See* Dkt. 1, 13.

REPORT AND RECOMMENDATION - 2

1   continuance, (2) a claim of denial of Petitioner's right to a speedy trial, and (3) a Fourth
2   Amendment claim relating to the trial court requiring in-court fingerprinting. *See id*. On March
3   30, 2023, the Court directed service of the Petition and directed Respondent to respond only to
4   the question of whether Petitioner has exhausted his state court remedies. Dkt. 15.

5   Respondent filed an Answer on April 14, 2023, indicating that Petitioner had not yet filed
6   state appeals on his federal claims. Dkt. 20. On May 17, 2023, Petitioner filed a "Notice of State
7   Remedies Denied to Petitioner." Dkt. 23. In the Notice, Petitioner states he has been denied
8   access to the state corrective process and, therefore, has not been able to properly exhaust his
9   state court remedies. *Id*.

10  On June 6, 2023, the Court directed Respondent to file a supplemental Answer and
11  relevant state court record addressing Petitioner's Notice. Dkt. 25. On June 16, 2023, Interested
12  Party Washington Attorney General filed an Answer setting forth Petitioner's filings in state
13  court on his appeal from his convictions and sentence. Dkt. 27. Specifically, the Attorney
14  General indicates that Petitioner has an appeal pending in the state court of appeals, but has not
15  yet filed an appellate brief. *Id*. at 3.

16  Petitioner has also not yet sought review by the Washington Supreme Court. *Id*. Further,
17  although Petitioner filed a PRP prior to his sentencing (*see* Dkt. 30-1), he has not filed a PRP
18  challenging his convictions *and* sentence, and he still has time to do so under Washington state
19  law. *Id*. (citing RCW 10.73.090, which allows a petitioner to file a PRP within one year after the
20  judgment and sentence become final). In Petitioner's case where he has appealed from his
21  judgment and sentence, the judgment does not become final until issuance of a mandate by the
22  state court of appeals. *Id*. Since a mandate has not issued in Petitioner's case, again, he still has

REPORT AND RECOMMENDATION - 3

1  time to file a PRP. *Id*. The Attorney General asserts Petitioner failed to exhaust his grounds
2  raised in the Petition and requests the Petition be dismissed without prejudice. *Id*.
3        Rather than responding to the Answer, Petitioner filed a "Gamesmanship and Civil
4  Conspiracy Motion." Dkt. 31. In the Motion, Petitioner claims the State has not provided him
5  with full court records from the superior court proceedings. *Id*. He also alleges a lack of access to
6  legal materials at Washington Corrections Center ("WCC"), his current place of confinement. *Id*.
7  The Attorney General has responded to Petitioner's Motion. Dkt. 32.
8  **II.     DISCUSSION**
9        Respondent and the Attorney General assert Petitioner failed to exhaust his state remedies
10 and thus his Petition should be dismissed. Dkts. 20, 27. In his "Gamesmanship and Civil
11 Conspiracy Motion," Petitioner argues he has not been provided his full state court record
12 relevant to these proceedings and he lacks access to legal materials at WCC. Dkt. 31. The Court
13 will address Petitioner's Motion prior to the arguments with respect to exhaustion of state
14 remedies.
15       A.     <u>"Gamesmanship and Civil Conspiracy Motion"</u>
16       After both Respondent and the Attorney General filed Answers asserting that Petitioner
17 has failed to exhaust his state court remedies with respect to the grounds raised in his Petition
18 (Dkts. 20, 27), Petitioner filed a "Gamesmanship and Civil Conspiracy Motion," (Dkt. 31). In the
19 Motion, Petitioner alleges a denial of his constitutional right "to address and access the courts"
20 because the State did not provide him with the full court record from his superior court
21 proceedings. Dkt. 31. He also claims he lacks access to legal materials at WCC. *Id*.
22       In response to the Motion, the Attorney General counters that the State has complied with
23 Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Dkt. 32
24

REPORT AND RECOMMENDATION - 4

at 2. Rule 5 requires the State obtain and submit with their answer any briefs filed in the appellate courts by the petitioner and prosecution, the opinions and dispositive orders of the state appellate courts, and any relevant parts of transcripts that may exist. Rule 5(c) and (d), 28 U.S.C. foll. § 2254. Here, the Attorney General maintains that no such documents existed at the time the State submitted the state court record with its Answer due to the early stage of the state court proceedings. Dkt. 32 at 2.

Upon review of the record in this case, it appears that Respondent has complied with Rule 5. Moreover, Respondent and the Attorney General have responded to the Court's directive that an Answer be limited to whether Petitioner has exhausted his state court remedies prior to filing his Petition with documentation reflecting Petitioner's efforts to exhaust. *See* Dkts. 29, 30. As such, Petitioner has not demonstrated a denial of his constitutional rights with respect to the State's filing of the state court record in these proceedings.

As to Petitioner's complaint that he has not had access to his legal materials since transferring to WCC, such a non-habeas claim challenges the conditions of confinement while in prison and is therefore not appropriate in habeas proceedings. If Petitioner wishes to challenge his lack of access to legal materials, he must initiate a separate, appropriate action challenging his conditions of confinement pursuant to 42 U.S.C. § 1983.

Petitioner's "Gamesmanship and Civil Conspiracy Motion" (Dkt. 31) is **DENIED** without prejudice.

B.    Federal Petition – Exhaustion of State Court Remedies

Respondent and the Attorney General assert Petitioner failed to exhaust his state remedies prior to filing his Petition. Dkts. 20, 27. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner's claims will be considered exhausted only after

REPORT AND RECOMMENDATION - 5

"the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

This standard is not met merely because all the facts necessary to support the federal claim were before the state courts or even if a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365–66 (citing *Picard*, 404 U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must include reference to a *specific* federal constitutional guarantee, *as well as* a statement of the facts entitling the petitioner to relief. *Gray v. Netherland*, 518 U.S. 152, 162–163 (1996); *Insyxiengmay*, 403 F.3d at 668. The petitioner bears the burden of proving he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

In the instant Petition, Petitioner asserts three grounds relating to his conviction. Dkt. 13. Petitioner filed a direct appeal in the state court of appeals, but has not yet filed an appellate

REPORT AND RECOMMENDATION - 6

1 brief. *See* Dkt. 29-1, Exs. 2, 3. Petitioner also filed a PRP, raising one of the claims set forth in this Petition, but that PRP remains pending. *See* Dkt. 30-1. As Petitioner did not raise all the grounds alleged in the Petition to the state courts on direct appeal or in a PRP, he did not give the state courts a full and fair opportunity to determine if a federal constitutional violation occurred. Accordingly, the Petition is unexhausted.

The Attorney General has requested this case be dismissed without prejudice. Dkt. 27. As neither Respondent nor the Attorney General seek dismissal with prejudice and do not assert Petitioner's claims are procedurally defaulted, the Court recommends this case be dismissed without prejudice. *See Wise v. Morgan*, 268 F. App'x 668 (9th Cir. 2008).

## III.     EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court has held that when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not consider any facts beyond the factual record presented to the state post-conviction relief court – unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022).

The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

## V.   CONCLUSION

For the above stated reasons, the Court finds the Petition is unexhausted and should be **DISMISSED** without prejudice. Further, no evidentiary hearing is necessary and a certificate of appealability should not issue. In addition, Petitioner's "Gamesmanship and Civil Conspiracy Motion" is **DENIED**. As Petitioner has paid the filing fee, the Court finds *in forma pauperis* status is not warranted on appeal.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 28, 2023**, as noted in the caption.

Dated this 14th day of July, 2023.

Grady J. Leupold
United States Magistrate Judge